UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DONDI LAMOTTE<br>Booking #22715092,<br><br>                            Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA;<br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITAITON; MATTHEW<br>HOMLES, CDCR Parole Supervisor;<br>MICHAEL CHIRSTENSEN, CDCR<br>Parole Officer,<br><br>                            Defendants. | Case No.:  22-cv-1160-MMA (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2]<br><br>**AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

James Dondi Lamotte ("Plaintiff" or "Lamotte"), an inmate currently incarcerated at the San Diego County Jail ("SDCJ"), has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff has also filed Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I. M<small>OTION TO</small> P<small>ROCEED</small> IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Account Activity Report as well as a Prison Certificate completed by an accounting officer at the SDCJ. *See* Doc. No. 2 at 4–5, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

398 F.3d at 1119.  Plaintiff's Trust Account Statement Report shows he maintained an average monthly balance of $0.10 and had average monthly deposits of $4.17 credited to his account at the SDCJ over the 6-month period immediately preceding the filing of his Complaint.  His available balance as of July 27, 2022 was $0.58.  *See* Doc. No. 2 at 4.

Therefore, the Court **GRANTS** Lamotte's Motion to Proceed IFP and assesses no initial partial filing fee because his trust account statement shows he "has no means to pay it."  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  The Court **DIRECTS** the agency having custody of Plaintiff to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. S<small>CREENING</small> P<small>URSUANT TO</small> 28 U.S.C. §§ 1915(e)(2) <small>AND</small> 1915A

### A.    Standard of Review

Because Lamotte is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     Plaintiff's Factual Allegations**

Lamotte states he is currently in custody at SDCJ on a parole violation stemming from his 2019 felony conviction for vandalism. Compl. at 3. Lamotte violated his parole by "not participating [in] a special condition that requires [him] to wear an ankle bracelet (GPS monitoring)." *Id*. He claims in this lawsuit that the special conditions of parole imposed on him, namely, wearing the GPS ankle device and attending a sex offender treatment program, violate his Eighth and Fourteenth Amendment rights, as well as the Double Jeopardy Clause of the Federal Constitution because they are not "substantially related to the commitment offense" as defined by the California Code of Regulations, title 15, which governs correctional programs. *Id*.

/ / /

## C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, Burgess must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

## D. Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004);

*Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  California's statute of limitations for personal injury actions is two years.  *Jones*, 393 F.3d at 927 (citing CAL. CIV. PROC. CODE § 335.1).  The law of the forum state also governs tolling.  *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).  Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years.  CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).  Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391.  Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Lamotte admits he signed an agreement accepting the special conditions of parole about which he now complains on September 4, 2019.  *See* Compl. at 3, 8.  Thus, because Lamotte was not a prisoner at the time of the alleged Constitutional violations he is not entitled to the tolling provisions of § 352.1.  *See Alaniz v. Enterline*, No. 18-cv-05788-HSG, 2020 WL 230893, at *5 (N.D. Cal. Jan. 15, 2020) (stating that "[t]olling ends when the prisoner is released from physical custody"); *Wilkins v. Vancott*, No. 17-cv-00340-

YGR (PR), 2018 WL 3763316, a * 4 (N.D. Cal. Aug. 7, 2018) (noting that the disability of imprisonment "ends when the plaintiff is released from physical custody" and "subsequent reincarceration does not reinstate tolling under section 352.1"); *Coronado v. Gilberston*, No. 10-3602 TEH (PR), 202 WL 1483843, at *2 (N.D. Cal. July 5, 2002) (holding tolling period under California statute ended when plaintiff released on bail); *Young v. Perez*, No. 5:15-cv-00456 MWF (GJS), 2016 WL 4265780, at *2 (C.D. Cal. June 15, 2016) (plaintiff's claim was tolled under section 352.1 from the date of accrual until his release from custody, but not during his subsequent periods of reincarceration). The statute of limitations for his claims expired on September 4, 2021. Consequently, based on the face of Lamotte's own pleading, it is clear his claims fall outside California's two-year statute of limitations, even including all presumed periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Lamotte's claims could be considered timely if, in his Complaint, he alleges facts sufficient to show the limitations period may be *equitably* tolled. *See Cervantes*, 5 F.3d at 1276–77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316–17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Lamotte has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to

equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010).

Accordingly, the Court finds the running of the statute of limitations is apparent on the face of Lamotte's Complaint, and therefore he has failed to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

### III. CONCLUSION

For the reasons explained, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and **DIRECTS** the Watch Commander of the SDCJ, or their designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION. The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego County Jail., 1173 Front Street, San Diego, California, 92101.

The Court **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to

state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.") The Court **DIRECTS** the Clerk of the Court to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: September 21, 2022

HON. MICHAEL M. ANELLO
United States District Judge